IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| QUAMELL MALIK GLOVER,<br><br>*Plaintiff*,<br><br>v.<br><br>LIEUTENANT FULLER, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:22-cv-00282-TES-MSH |

**ORDER DENYING PLAINTIFF'S
SECOND MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff Quamell Malik Glover's Second Motion for Reconsideration [Doc. 104]. On November 20, 2023, the United States Magistrate Judge issued a Report and Recommendation ("R&R") [Doc. 92], recommending that the Court grant Defendants' Motion for Summary Judgment [Doc. 87] and dismiss Plaintiff's claims for failure to exhaust administrative remedies. When Plaintiff failed to meet his extended deadline to object, the Court adopted the R&R and entered judgment. *See* [Doc. 94]; [Doc. 95]; [Doc. 96].

After the Court entered judgment, Plaintiff filed a Motion for Reconsideration [Doc. 99] and a Motion to Alter Judgment [Doc. 100]. In those motions, Plaintiff repeatedly stated that he had new evidence proving that he exhausted his

administrative remedies, but because he failed to actually present such evidence, the Court denied his motions. [Doc. 101]. Now, Plaintiff brings another Motion for Reconsideration, this time raising an argument that the magistrate judge considered and rejected in his R&R. *See* [Doc. 104, pp. 1–2].

Specifically, in his latest Motion for Reconsideration, Plaintiff argues that because he filed a grievance alleging physical abuse, his grievance was forwarded to the Criminal Investigation Division ("CID") of the Georgia Department of Corrections ("GDC"). [*Id*.]. Therefore, there was no need for him to appeal it to the GDC's Central Office as is ordinarily required, and thus, he exhausted his administrative remedies. [*Id*. at p. 2]. But the magistrate judge raised this argument for Plaintiff and rejected it:

> Although not specifically raised by Glover, the Court will also address whether the simple act of filing of Grievance Number 323228, even if rejected, was sufficient to exhaust his administrative grievances. After all, whether accepted or rejected, a grievance alleging excessive force results in the same outcome: referral to CID. Considering Glover received the only relief obtainable from a grievance, pursuing an appeal in such circumstances would seemingly be futile for purposes of exhaustion. However, the Supreme Court has clarified that by exhaustion of "administrative remedies," the PLRA is referring to exhaustion of the administrative "process itself," not the specific relief that may be obtained through the process. *Booth v. Churner*, 532 U.S. 731, 738–39 (2001). Therefore, the fact Glover obtained the only relief available does not mean he satisfied the requirement of "procedural exhaustion." *Id*.; *see Varner v. Shepard*, 11 F.4th 1252, 1262 (11th Cir. 2021) ("'[R]emedies' as used in § 1997e(a) refers to the administrative process, not the particular forms of relief occurring at the end of that process." (quoting *Booth*, 532 U.S. at 738–39)). Further, the apparent futility in pursuing an appeal does not allow circumvention of the exhaustion requirement. *See Varner*, 11 F.4th at 1263–64 (rejecting a futility exception to the PLRA). Here, in order to exhaust the administrative process,

2

> Glover was required to appeal the grievance rejection as allowed under the [GDC's Standard Operating Procedures].

[Doc. 92, p. 10].

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly," and, under the local rules, "[m]otions for [r]econsideration shall not be filed as a matter of routine practice." *Goolsby v. Astrue*, No. 5:07-CV-183 (CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009) (quoting *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)); LR 7.6, MDGa. Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). "A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335 (11th Cir. 2007)).

After review, the Court agrees with the magistrate judge that Supreme Court precedent clearly establishes that exhaustion of administrative remedies depends on

whether the plaintiff went through the prison process, not whether he obtained the only available relief. *Booth*, 532 U.S. at 738–39). Additionally, futility does not provide an exception to this rule. *Varner*, 11 F.4th at 1263–64. Plaintiff's latest Motion for Reconsideration evinces no change in the law, raises no new evidence, and fails to point out any error of law. *See* [Doc. 104]. It is simply an attempt to relitigate settled old matters. *See Ocwen Fin.*, 488 F. App'x at 428. Accordingly, the Court maintains its reasons for adopting the magistrate judge's R&R and dismissing Plaintiff's claims for failure to exhaust administrative remedies and **DENIES** Plaintiff's Second Motion for Reconsideration [Doc. 104]. *See* [Doc. 95].

    **SO ORDERED**, this 14th day of June, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
